
CLOSED CIVIL CASE

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-21697-CIV-MORENO

MALIKA J. HALL,

    Plaintiff,

vs.

AMERICAN SECURITY INSURANCE COMPANY,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR REMAND

THIS CAUSE came before the Court upon Plaintiff's Motion for Remand **(D.E. No. 3)**, filed on **June 29, 2009**.

THE COURT has considered the motion, the response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED.

## I. BACKGROUND

Defendant removed this insurance dispute from state court. There is a parallel declaratory action also pending in this Court. Jurisdiction in both cases is premised on diversity. The insurance dispute stems from damage caused by Hurricane Wilma. Plaintiff moved to remand arguing the amount-in-controversy is not met.

Both sides agree that Plaintiff is claiming $60,766.28 as the amount of the loss. Both sides agree that Plaintiff, should she prevail, is entitled to attorney's fees under Florida Statute § 627.428. Both sides even agree that when attorney's fees are statutorily authorized, as they are here, a reasonable amount of attorney's fees are added to determine the amount in controversy for

jurisdictional purposes. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). Where the parties diverge is on the amount of the fees.

## II. LEGAL STANDARD

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage of the proceeding." *Univ. of So. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Courts are to construe the removal statutes narrowly resolving uncertainties in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Stemming from federalism principles is the removing defendants' burden to plead the basis for federal jurisdiction. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006); *Klempner v. Northwestern Mutual Life Ins. Co.*, 196 F. Supp. 2d 1233, 1237 (S.D. Fla. 2001) ("A presumption in favor of remand is necessary because if a federal court reaches the merits of [a] pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts."). Defendant has the burden to show that by a preponderance of the evidence the amount-in-controversy requirement is met. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996) (overruled on other grounds by *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000)).

## III. LEGAL ANALYSIS

Plaintiff argues the Court must look to the amount of fees incurred up until the time of removal to determine whether the jurisdictional amount is met. To support this claim, however, Plaintiff only cites to general case law that states the existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed. *Leonard v. Enterprise Rent-a-Car*,

279 F.3d 967, 971 (11th Cir. 2002). The Court does not agree that this is the correct way to calculate a "reasonable" amount of fees. *See Morrison*, 228 F.3d at 1265 (stating a reasonable amount of fees is to be considered to determine amount-in-controversy). That is not to say that Defendant is correct that the attorney's fees in this case easily surpass the amount-in-controversy.

Rather, the removing defendant bears the burden of proving the amount-in-controversy is met. *Id.* "Arguably, when the amount in controversy depends on a claim for attorney fees, that claim should receive heightened scrutiny." *Cohen v. Office Depot*, 204 F.3d 1069, 1080 n. 10 (11th Cir. 2000). In this case, the insurance company has not met its burden to show that a reasonable amount of attorney's fees would exceed $14,233.72. The insurance company did not file any affidavits or provide any other proof that attorney's fees would exceed that amount. Merely relying on general statements that any litigation of this nature would result in that level of fees is insufficient to meet the burden of proof. Moreover, though the insured has not stipulated that her fees will not exceed $14,233.72, her attorney did file an affidavit claiming that her fees are nowhere near that sum to date. Finding that Defendant has failed to satisfy its burden to show the amount-in-controversy is met, the Court grants the motion to remand.

## IV. CONCLUSION

ORDERED AND ADJUDGED that this Case be, and the same is, hereby REMANDED to the Circuit Court for the Eleventh Judicial Circuit in and for Dade County, Florida. The Clerk of the Court is hereby directed to take all necessary steps and procedures to effect the expeditious remand of the above-styled action.

DONE AND ORDERED in Chambers at Miami, Florida, this 22nd day of July, 2009.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

-4-

Copies provided to:

Counsel of Record

Clerk of the 11th Judicial Circuit in and for Miami-Dade County